IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1999 SESSION

FILED

July 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTONIO CHANEY, | ) | |
| | ) | C.C.A. NO. 02C01-9807-CR-00223 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ROBERT B. GAIA**                    **PAUL G. SUMMERS**
Suite 3201-100 N. Main Bldg.          Attorney General & Reporter
Memphis, TN 38103
                                      **PATRICIA C. KUSSMANN**
                                      Asst. Attorney General
                                      Cordell Hull Bldg., 2nd Fl.
                                      425 Fifth Ave., North
                                      Nashville, TN 37243-0493


                                      **WILLIAM L. GIBBONS**
                                      District Attorney General


                                      **JAMES CHALLEN**
                                      Asst. District Attorney General
                                      201 Poplar Ave., 3rd Fl.
                                      Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner pled guilty to theft of property, especially aggravated robbery, and attempted first-degree murder. Pursuant to a plea bargain agreement, the petitioner was sentenced as a Range I standard offender to concurrent sentences of two years for theft, twenty-five years for especially aggravated robbery, and twenty-five years for attempted first-degree murder. In May 1997, the petitioner filed a petition for post-conviction relief which was denied by the post-conviction court after an evidentiary hearing. The petitioner now appeals and contends that he was denied the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily made. Finding no error, we affirm the denial of relief.

Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The petitioner first contends that his trial counsel, Marc Sorin, was ineffective. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88,

2

692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

To satisfy the requirement of prejudice, the petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner claims that Mr. Sorin was ineffective because Mr. Sorin had a conflict of interest with regard to the petitioner's case. The issue of a possible conflict of interest was not raised in the petition for post-conviction relief or at the hearing thereon. Since an appellant cannot change theories from the trial court to the appellate court, these grounds, as a basis for ineffective assistance of counsel, are, therefore, waived. State v. Matthews, 805 S.W.2d 776, 781 (Tenn. Crim. App. 1990); State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988). However, absent waiver, this issue is still without merit.

Mr. Sorin was a private attorney who was appointed to represent the petitioner. However, approximately four months before he was appointed to represent the petitioner, Mr. Sorin was employed at the Public Defender's office. The record indicates that one of the petitioner's co-defendants was represented by an attorney with the Public Defender's office. The petitioner claims that these facts are evidence of a conflict of interest sufficient to render Mr. Sorin's representation ineffective. In support of this contention, the petitioner cites Netters v. State, 957 S.W.2d 844 (Tenn. Crim. App. 1997). In Netters, this Court held that:

> The mere fact that counsel might have a potential conflict
> of interest in representing multiple clients does not authorize a
> presumption of ineffective assistance of counsel. . . . However,
> if an attorney actively represents conflicting interests, prejudice

3

> is presumed. . . . The proper focus is solely upon whether counsel's conflict affected counsel's actions and the defendant's decision; therefore, it is inappropriate to consider whether another attorney, untainted by a conflict of interest, would also have recommended a guilty plea.

Id. at 847-48 (citations omitted).

In the case at bar, Mr. Sorin was not representing multiple clients with regard to this case. The mere fact that Mr. Sorin was previously employed by the Public Defender's office and the petitioner's co-defendant was represented by an attorney from that office is not evidence that Mr. Sorin was actively representing conflicting interests. Mr. Sorin was in private practice when he was appointed to represent the petitioner. In contrast to Netters, in the case at bar there was absolutely no evidence presented that Mr. Sorin worked in conjunction with the Public Defender's office or counsel for the petitioner's co-defendant to secure plea bargain agreements for the petitioner and his co-defendant. In addition, there is no evidence that the petitioner's plea bargain agreement was in any way contingent upon any plea bargain agreement with the petitioner's co-defendant. These facts do not support a finding that Mr. Sorin had a conflict of interest while representing the petitioner.

The petitioner also contends that such alleged conflict of interest is further evidenced by the fact that the petitioner's plea bargain agreement sentenced the petitioner to the maximum sentence within the applicable range. The petitioner argues that "[i]t is incomprehensible that . . . [the petitioner] would have received any more time than that to which he pleaded. Thus . . . prejudice . . . should be presumed." However, the petitioner cites no applicable authority for this contention. In addition, the petitioner's plea bargain allowed for concurrent sentencing rather than consecutive. This allowed the petitioner's aggregate sentence of fifty-two years to be served as an effective sentence

4

of twenty-five years. The mere fact that the petitioner's plea bargain agreement sentenced the defendant to the maximum sentence within the applicable range does not support an automatic inference that the petitioner's attorney had a conflict of interest which prejudiced the petitioner. As such, this contention is without merit.

The petitioner next contends that his guilty plea was not knowingly and voluntarily entered. The petitioner argues that he was not adequately informed of the sentencing aspects of this case because he received the maximum sentences within the applicable range for all three convictions and "[n]owhere in the record of this case, does it indicate that [the petitioner] was advised that he had nothing to lose by going to trial." However, the post-conviction court found that Mr. Sorin had "specifically discussed" the sentencing possibilities with the petitioner. The evidence does not preponderate against this finding. As such, the petitioner's contention is without merit.

Accordingly, we affirm the post-conviction court's denial of the petitioner's post-conviction petition.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
THOMAS T. WOODALL, Judge