# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER 1997 SESSION

FILED

September 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| SAMMIE NETTERS,<br><br>        Appellant,<br><br>VS.<br><br>STATE OF TENNESSEE,<br><br>        Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NO. 02C01-9610-CR-00322

SHELBY COUNTY

HON. BERNIE WEINMAN, JUDGE

(Post-conviction)

**FOR THE APPELLANT:**

**HOWARD B. MANIS**
200 Jefferson, Suite 1313
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**REGINALD HENDERSON**
Assistant District Attorney General
201 Poplar Ave., Suite 301
Memphis, TN 38103

OPINION FILED: _____

REVERSED AND REMANDED

**JOE G. RILEY,**
**JUDGE**

## OPINION

This is an appeal from the dismissal of appellant's petition for post-conviction relief. The sole issue is whether appellant was deprived of effective assistance of counsel at the time of entry of his prior guilty plea. Based upon the factual findings of the trial court, we conclude that appellant's counsel had a conflict of interest. Since this conflict is presumptively prejudicial to appellant, we must set aside the guilty plea and remand for further proceedings.

## PROCEDURAL HISTORY

Appellant originally pled guilty to attempted second degree murder and aggravated burglary. Defendant was sentenced to eight (8) years on the first count with six (6) years concurrent on the second count, both to be served in TDOC. His co-defendant on the burglary charge, Vincent Sims, pled guilty to aggravated burglary and was sentenced to three (3) years in the local workhouse. All counts arose out of the same incident.

## FACTS

Appellant, indicted for two counts of attempted first degree murder and one count of aggravated burglary, was appointed Assistant Public Defender, Melvin Turner, as his counsel. His co-defendant on the burglary count, Vincent Sims, was appointed Assistant Public Defender, Bethel Alan Newport. It is undisputed that appellant had always expressed a desire to go to trial. The trial date was to be Monday, January 25, 1993. However, on Friday, January 22, 1993, the co-defendant's assigned counsel, Newport, discussed a possible plea agreement with appellant. Appellant's assigned attorney, Turner, was not present. Newport told appellant that Sims could not plead guilty unless appellant did, and Sims had to go to trial if appellant did. Sims preferred to plead guilty rather than go to trial.

2

Sims had stated that appellant shot at the alleged victims. Appellant had maintained he shot into the air to scare them.

Attorney Newport questioned appellant regarding the facts of the case and, subsequently, advised him it would be in his best interest to take an offer of eight (8) years for one count of attempted second degree murder and six (6) years for aggravated burglary, to run concurrently.[1] Newport testified that Turner had given him permission to speak to appellant. Turner testified to the contrary. This factual dispute was not resolved by the trial court.

Newport told appellant his decision to go to trial was going to "mess up" the co-defendant, but it was appellant's choice. He told him that he needed to make a decision that day since the court did not like to accept pleas on the date of trial. Appellant decided to plead guilty pursuant to the plea offer although he told Newport that he did not like it. Appellant signed the guilty plea, and Newport signed "Melvin Turner by B. A. Newport."

Both defendants entered guilty pleas. The state's recital of facts encompassed both defendants and recommended that the plea agreements be accepted as to both. Newport asked the court to accept the negotiated sentences for both defendants. Following the entry of the guilty plea by appellant, the co-defendant entered his guilty plea pursuant to a plea agreement. The co-defendant received a sentence of three (3) years for aggravated burglary.

**GUILTY PLEA PROCEEDING**

During the taking of appellant's plea, on the constructive eve of trial, the judge learned that appellant's assigned attorney, Melvin Turner, was not in the courtroom. Appellant further stated that he had not discussed the facts with Turner and had not seen him in the previous two weeks. The judge asked ". . . how . . . can you plead guilty to something if you haven't really intelligently talked to your attorney about [your

---

[1] Newport testified that he saw no conflict in representing both defendants. It is unclear from Newport's testimony whether he conceded that he was aware of Sims' statement inculpating appellant. Regardless, the trial court found that counsel had a "conflict that would make it inappropriate for the same lawyer to represent both persons charged in this case."

case]?"

> Q.    [APPELLANT] He told me I had no chance of winning. So I feel like I — if I couldn't win, I'm on my way. I'm ready to give myself eight rather than let him give me eight.

> Q.    Well, I'm not sure based on your statements I can accept the plea from this man if he hasn't talked to Mr. Turner about the facts.

> MR. NEWPORT: Mr. Netters, have we talked about the facts?

> A.    Yeah, me and you talked about it.

> . . . .

> THE COURT: Well, I'm going to cross out Melvin Turner's name here.

The court wrote in "Bethel Newport" beside "Melvin Turner," which he lined through, thus appointing co-defendant's counsel to appellant also.

After the court discussed the plea agreement with appellant, the court asked:

> Q.    Do you clearly understand that you are admitting that you are guilty? That you admit that you did this when you plead guilty?

> A.    Well, I did something, but I don't think I did what the State says I did.

> Q.    Okay. You take issue with what they say. Well, I'll talk to you about that. But in the eyes of the law, when you plead guilty to criminal attempt, to wit[:] murder second degree, that's what the law says you did. . . . . You claim you're not guilty under these facts and circumstances?

> A.    No, sir.

> Q.    Okay. We have a principal [sic] of law called Alford v. North Carolina. That's a United States Supreme Court opinion that said you can plead guilty if you feel it's in your own best interest.

> . . . .

> Q.    Ordinarily I can't take a guilty plea from an individual who says he's not guilty. The only way I can do that is if you feel that's — if you want to go ahead and plead guilty knowing fully the consequences and if you feel in your own best interest you should do this.

> A.    Yes, it is [in] my best interest.

Attorney Turner entered the courtroom at some point after the proceedings

had begun. After the judge had interrogated the appellant concerning his plea, Turner then sought permission to and did question appellant on the record about his remarks that Turner had not properly represented him. In spite of his dissatisfaction with Turner, appellant subsequently stated he still wanted to plead guilty. The trial court accepted the plea agreement.

## POST-CONVICTION COURT FINDINGS

The post-conviction court made the following findings:

(1)     appellant had denied shooting a gun at the alleged victims;

(2)     co-defendant Sims' statement was to the contrary, alleging appellant fired at the alleged victims;

(3)     the conflicting statements of the co-defendants made it "inappropriate" for the same lawyer to represent both persons;

(4)     the appellant, nevertheless, freely and voluntarily entered the guilty plea;

(5)     appellant believed the plea to be in his best interest; and

(6)     the plea was not the result of counsel's errors.

The court, therefore, concluded that appellant suffered no prejudice and dismissed the petition.

## INEFFECTIVE ASSISTANCE OF COUNSEL

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the

5

Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.

## POST-CONVICTION STANDARDS FOR REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d at 899-900; Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1994). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 71-72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on the petitioner. Id.

## PUBLIC DEFENDER'S OFFICE

In determining whether counsel had a conflict in representing both defendants, we first address whether the appointment of two separate attorneys, both of whom are assistant public defenders, solved any potential conflict. We think not. Since both attorneys were employed by the local public defender's office, the issue is

6

whether the public defender's office had a conflict. The fact that two separate attorneys were actually named does not resolve a conflict. Whether Newport did or did not have Turner's permission to speak with appellant on the date of the plea is not determinative of this issue.

## CONFLICT OF INTEREST

The mere fact that counsel might have a potential conflict of interest in representing multiple clients does not authorize a presumption of ineffective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); State v. Parrott, 919 S.W.2d 60 (Tenn. Crim. App.1995). However, if an attorney actively represents conflicting interests, prejudice is presumed. Strickland v. Washington, 466 U.S. at 692; Cuyler v. Sullivan, 446 U.S. at 349-50; State v. Thompson, 768 S.W.2d 239, 245 (Tenn. 1989), *cert. denied* 497 U.S. 1031, 110 S.Ct. 3288, 111 L.Ed.2d 796 (1990). The proper focus is solely upon whether counsel's conflict affected counsel's actions and the defendant's decision; therefore, it is inappropriate to consider whether another attorney, untainted by a conflict of interest, would also have recommended a guilty plea. Thomas v. Foltz, 818 F.2d 476 (6th Cir.), *cert. denied*, 484 U.S. 870 (1987).

In this case the trial court expressly found that counsel from the public defender's office had a conflict of interest making it inappropriate for one attorney to represent both appellant and his co-defendant. This finding is certainly supported by the following facts: (1) the plea offer was contingent upon both appellant and his co-defendant pleading guilty; (2) the co-defendant desired to plead guilty, whereas appellant had consistently desired to go to trial; (3) assigned counsel for the co-defendant advised appellant that his failure to plead guilty could "mess up" the co-defendant's desire to plead guilty; (4) co-defendant had stated the appellant fired at the alleged victims, whereas appellant insisted he had fired shots into the air; (5) counsel who represented co-defendant was actually substituted as counsel for appellant at the guilty plea proceeding; and (6) appellant at the guilty plea proceeding

7

denied guilt on the attempted murder charge and, at the suggestion of the trial court, entered a "best interest" plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970).

The trial court's finding that defense counsel had an actual conflict of interest limits our legal inquiry.  In view of this finding, which is clearly supported by the record, there is a presumption of prejudice relating to ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. at 692; Cuyler v. Sullivan, 446 U.S. at 350; State v. Thompson, 768 S.W.2d at 245.

It is undisputed that appellant entered his guilty plea after having been advised by counsel with a conflict of interest.  Furthermore, under the testimony presented in this record, there is certainly a reasonable probability that appellant would not have pled guilty if he had conflict-free counsel.  Hill v. Lockhart, 474 U.S. at 57-58.

## CONCLUSION

We conclude that the judgment of the trial court must be reversed; counsel other than the public defender's office must be appointed; and the cause should be remanded for further proceedings.[2]

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**

_____

[2] All original charges, including the charges of attempted first degree murder, are reinstated. Appellant stated at the post-conviction hearing that he was aware this would occur if he were successful in this post-conviction matter.

8