IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 2000 SESSION

**FILED**

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

**MICHAEL ALLEN HAMLIN,**          )
                                   )     **NO. M1999-00936-CCA-R3-PC**
          Appellant,               )
                                   )     **MARSHALL COUNTY**
**VS.**                            )
                                   )     **HON. L. CRAIG JOHNSON,**
**STATE OF TENNESSEE,**            )     **JUDGE**
                                   )
          Appellee.               )     (Post-Conviction)


**FOR THE APPELLANT:**                    **FOR THE APPELLEE:**

**HERSHELL D. KOGER**                     **PAUL G. SUMMERS**
131 N. 1st Street                         Attorney General and Reporter
P.O. Box 1148
Pulaski, TN 38478                         **MARVIN E. CLEMENTS JR.**
                                          Assistant Attorney General
                                          Cordell Hull Building, 2nd Floor
                                          425 Fifth Avenue North
                                          Nashville, TN  37243-0493

                                          **WILLIAM MICHAEL McCOWN**
                                          District Attorney General

                                          **WEAKLEY E. BARNARD**
                                          Assistant District Attorney General
                                          Marshall County Courthouse
                                          Lewisburg, TN 37091


**OPINION FILED:** _____



**AFFIRMED**



**JOE G. RILEY, JUDGE**

**OPINION**

The petitioner, Michael Allen Hamlin, appeals the Marshall County Circuit Court's denial of his petition for post-conviction relief arising from his 1998 convictions for eight counts of aggravated burglary, Class C felonies. The sole issue is whether petitioner was deprived of effective assistance of counsel at the time of entry of his guilty plea, due to an alleged conflict of interest arising from counsel's joint representation of petitioner and his co-defendant. Based upon our review of the record, we conclude no conflict of interest existed. Thus, the judgment of the trial court is **AFFIRMED**.

## I. PROCEDURAL BACKGROUND

### A. Guilty Plea Proceeding

Trial counsel represented both petitioner and Lisa Hamlin, petitioner's wife, who was a co-defendant on some of the charges against petitioner. Trial counsel was successful in negotiating an independent plea agreement for each defendant. Under the agreement, petitioner pled guilt to eight counts of aggravated burglary, Class C felonies, and received consecutive three-year sentences for each offense, for an effective sentence of twenty-four years. Numerous other charges were dismissed pursuant to the plea agreement. Although the wife's sentence does not appear in this record, petitioner alleges she received an eight-year sentence with some form of alternative sentencing.

### B. Post-Conviction Proceedings

Petitioner timely filed a petition for post-conviction relief, claiming he was denied effective assistance of counsel in entering his guilty plea due to the conflict of interest that arose from counsel's joint representation of himself and his co-defendant. At the post-conviction hearing, petitioner testified that he did not understand trial counsel's explanation of "conflict of interest" and claimed he was

2

prejudiced by counsel's joint representation. He told the court he was concerned about his wife and was pressured into pleading guilty so that she might receive a less severe sentence.

Trial counsel testified that the respective agreements were not contingent upon each other. He stated that he was able to adequately represent both of his clients. He told the court that he informed the two that if it became necessary to "pit one against the other," he would withdraw from representation of one or both defendants. He claimed the defendants assured him they understood and insisted he continue representing both of them.

The trial court issued comprehensive written findings of fact and held there was no conflict of interest in trial counsel's representation of petitioner and his wife. In its order the court stated:

> [T]rial counsel adequately represented both clients to the best of his ability and in their best interest, and it appears he kept both clients informed at all stages of the case...[Trial counsel] took great care to explain and prevent a conflict and was ever watchful for such a conflict.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

3

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## III.  CONFLICT OF INTEREST

Petitioner claims that the conflict of interest which resulted from trial counsel's dual representation of co-defendants rendered counsel's representation ineffective and, but for this ineffective representation, he would not have pled guilty. In support of these allegations, petitioner relies upon Netters v. State, 957 S.W.2d 844 (Tenn. Crim. App. 1997).  Petitioner argues that trial counsel had an "actual conflict of interest;" therefore, he is entitled to a presumption of prejudice.

Petitioner's reliance on Netters is misplaced.  We conclude there was no "actual conflict of interest" resulting from trial counsel's dual representation.  The mere fact counsel might have a potential conflict of interest in representing multiple clients does not authorize a presumption of ineffective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); State v. Parrott, 919 S.W.2d 60 (Tenn. Crim. App. 1995).  In order for prejudice to result, an attorney must actively represent conflicting interests.  Cuyler, 446 U.S. at 349-50, 100 S.Ct. at 1718-19.  "The proper focus is solely upon whether counsel's conflict affected counsel's actions and the defendant's decision."  Netters, 957 S.W.2d at 848.

4

In Netters the trial court was faced with two defendants who were both represented by the public defender's office. In finding defendant's guilty plea was not voluntarily and knowingly entered due to the conflict of interest, this Court focused on the contingent nature of the co-defendants' plea agreements and took notice of defendant's desire to go to trial versus the co-defendant's desire to enter a guilty plea. The Court found counsel applied inappropriate pressure to defendant in order to protect the interest of the co-defendant. It was further undisputed that defendant entered his guilty plea after having been advised by counsel with a conflict of interest. Netters, 957 S.W.2d at 848.

The circumstances surrounding trial counsel's representation and the petitioner's guilty plea in the instant case are quite different. In its denial of post-conviction relief, the trial court found that not only was petitioner adequately informed of the potential for conflict, but he insisted that dual representation continue.

At the arraignment, the judge informed the two defendants that they had the right to choose any counsel they wished to represent them, but that they should be aware that dual representation could pose a potential conflict of interest. Both defendants then stated that they understood the potential for conflict and wished to proceed with trial counsel's representation.

Neither defendant expressed a desire to proceed to trial. Therefore, trial counsel effectively negotiated with the District Attorney's office to arrange independent plea agreements for each defendant. The pleas were not contingent on the acceptance of both defendants. Any decision to plead guilty in the hopes that his wife would receive a reduced sentence was made at the sole discretion of the defendant and without any pressure or agreement by trial counsel, the District Attorney or the trial court. Furthermore, petitioner testified at the post-conviction hearing that he knew he was going to prison and wanted trial counsel to handle both

5

cases.  In its findings of fact the trial court concluded "it is apparent from the proof in the record that Mr. Hamlin was well informed of his rights as a defendant, and that he desired [trial counsel] to handle his case the way it was handled."  The evidence clearly supports this finding.

## IV.  CONCLUSION

We find that nothing trial counsel did or failed to do with respect to either defendant affected petitioner's decision to plead guilty.  Petitioner failed to demonstrate there were inconsistent interests at stake and did not show trial counsel made a choice between possible alternative courses of action that proved harmful to him.  Thomas v. Foltz, 818 F.2d 476, 481 (6th Cir.) *cert. denied* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).  We find there was no "actual conflict" in counsel's representation of petitioner and the co-defendant. Therefore, petitioner is not entitled to any presumption of prejudice with respect to ineffective assistance of counsel.  Nor has petitioner established that he was prejudiced by counsel's joint representation.

Finding no other allegation to support petitioner's contention that his guilty plea was the result of ineffective assistance of counsel, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**THOMAS T. WOODALL, JUDGE**


_____
**JAMES CURWOOD WITT, JR., JUDGE**

6