IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 2000 Session

## JAMES WESLEY STARNES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henry County**
**No. 12844     Julian P. Guinn, Judge**

---

**No. W1999-01854-CCA-R3-PC - Decided September 14, 2000**

---

The petitioner appeals from a denial of post-conviction relief, claiming his trial counsel rendered ineffective assistance. We conclude the record is insufficient for proper appellate review. Thus, we remand to the trial court for an additional hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Remanded**
**For Further Proceedings**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Jim L. Fields, Paris, Tennessee, for the appellant, James Wesley Starnes.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner, James Wesley Starnes, appeals the denial of his petition for post-conviction relief after an evidentiary hearing. Petitioner was originally convicted of possession of cocaine and marijuana with the intent to sell and received an effective 15-year sentence as a Range II offender. The sole issue in this appeal is whether he was deprived of effective assistance of counsel. Because the record is inadequate for our review, we remand to the trial court for an additional hearing.

### PROCEDURAL HISTORY

As a result of an automobile stop on September 19, 1993, the petitioner and his wife, Michelle Starnes, were indicted for possession of cocaine with intent to sell and felony possession of marijuana with intent to sell. Trial counsel was retained to represent both the petitioner and his

wife, trial counsel agreeing to compensation in the amount of $6,000 to be paid from funds to be received in a personal injury suit in which trial counsel represented the petitioner and his wife.

The case was set for trial by jury; however, petitioner deliberately failed to appear. The wife's trial proceeded, and she was convicted of the lesser offenses of simple possession of drugs. Trial counsel continued to represent the wife during her appellate process.

Petitioner returned to the jurisdiction. On October 7, 1994, trial counsel filed a motion to withdraw from his representation of petitioner, alleging "a conflict . . . to represent the best interest of the defendant James Wesley Starnes." The record before this court does not contain the transcript of the hearing on the motion to withdraw, nor any order relating to the disposition of the motion. Trial counsel testified that his request was denied, and the findings of the post-conviction judge state that the motion was denied. However, the post-conviction judge noted that there was no order regarding this motion in the record.

Trial counsel continued to represent the petitioner. Petitioner was tried by jury and convicted in December 1994. It is apparent from the appellate record that petitioner contended at trial that the drugs belonged to his wife. Although the record of the original proceedings is not before us, it is apparent from the appellate record that the public defender represented the petitioner in his direct appeal.

Original trial counsel continued to represent the wife in her direct appeal, alleging the trial court erred in denying her probation. This court modified her term of confinement from the 11 months and 29 days ordered by the trial court to 180 days followed by supervised probation. State v. Michelle Starnes, No. 02C01-9504-CC-00103, 1995 WL 764999 (Tenn. Crim. App., Jackson, Dec. 28, 1995).

In petitioner's direct appeal, the only issues raised were sufficiency of the evidence, denial of the motion to suppress, and excessive sentencing. This court concluded there was sufficient evidence to support petitioner's convictions in spite of his allegations that the drugs belonged to his wife; the trial court properly refused to hear the motion to suppress based upon trial counsel's failure to timely file the same; and the trial court properly sentenced the petitioner. State v. James Wesley Starnes, No. 02C01-9580-CC-00231, 1997 WL 370353 (Tenn. Crim. App., Jackson, July 3, 1997), perm. to appeal denied (Tenn. Mar. 2, 1998).

Petitioner timely filed the present petition for post-conviction relief on March 1, 1999. Pursuant to Tenn. Sup. Ct. R. 28 § 6(B)(3)(d), the trial court's preliminary order required the state to file a responsive pleading "together with any record or transcripts, material to the *pro se* petition." The state filed a written response, but there are no records or transcripts from the original proceeding in the record before this court.

**PETITIONER'S CONTENTIONS**

At the post-conviction hearing, testimony centered around three allegations of ineffective assistance of counsel; namely: (1) trial counsel's failure to timely file the motion to suppress; (2) failure of trial counsel to move for a mistrial based upon the alleged comments of a potential juror during *voir dire*; and (3) trial counsel's conflict of interest in representing both the petitioner and his wife.

**STANDARD OF REVIEW**

### A. Post-Conviction

The post-conviction court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the post-conviction court, not this court. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The burden of establishing that the evidence preponderates otherwise is on the petitioner. Henley, 960 S.W.2d at 579.

### B. Ineffective Assistance of Counsel

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden of proving that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee to determine whether counsel provided effective assistance is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Burns, 6 S.W.3d at 462. Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

## DISPOSITION OF PETITIONER'S ALLEGATIONS

### A. Motion to Suppress

Petitioner testified that trial counsel was ineffective in failing to timely file a motion to suppress the evidence seized as a result of the automobile stop. Trial counsel testified it was his recollection that the motion was timely filed but simply overruled. This court's opinion in the direct appeal indicates that the motion was indeed <u>untimely filed</u> and, therefore, was not considered on its merits in this court. <u>State v. James Wesley Starnes</u>, <u>supra</u>. Thus, trial counsel was deficient in failing to timely file the motion.

Nevertheless, petitioner is not entitled to relief on this issue. The post-conviction court found that petitioner presented no grounds at the post-conviction hearing that would support suppression if the motion had been timely filed. We agree. Therefore, he has failed to demonstrate any prejudice as a result of the alleged untimely filing.

### B. Failure to Request Mistrial

Petitioner testified that during *voir dire* one of the potential jurors stated she could not be impartial since she had previously been in the house of the petitioner's father and "saw too many things in the house." Trial counsel had no recollection of this alleged incident during *voir dire*. Petitioner contends trial counsel should have moved for a mistrial.

The record of *voir dire* proceedings was not introduced during the post-conviction hearing and is not before us. Petitioner must establish that trial counsel was deficient in failing to seek a mistrial based upon this alleged comment and the likelihood of the trial court granting a mistrial had it been requested. We conclude the case should be remanded so the post-conviction court can make these determinations after considering the transcript of the *voir dire* proceedings.

### C. Conflict of Interest

Petitioner testified that he informed trial counsel from the beginning that the drugs belonged to his wife. Petitioner, therefore, contends trial counsel had a conflict of interest in representing petitioner and his wife, especially by representing petitioner at his trial while at the same time representing the wife on her appeal in the same case.

Trial counsel testified that he had no conflict until after the wife's jury trial at which the petitioner willfully failed to appear. Trial counsel did not explain the theory of defense to be used when both were set for joint trial, nor was there any explanation as to the wife's theory of defense when trial counsel represented her at her jury trial. That record is not before us, and the only issue in her direct appeal was the denial of probation. <u>State v. Michelle Starnes</u>, *supra*. However, it is apparent that trial counsel continued to represent the wife in her appeal, while at the same time representing the petitioner at his jury trial.

On its face, it would appear that trial counsel had an active conflict of interest in representing petitioner at his trial alleging that the drugs belonged to his other client, the wife. See Netters v. State, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). If there was an actual conflict of interest, there need be no showing of prejudice as a result for prejudice is presumed. Strickland, 467 U.S. at 692, 104 S. Ct. at 2067; State v. Thompson, 768 S.W2.d 239, 245 (Tenn. 1989). However, we are reluctant to make such a determination based upon the inadequate record before us. Furthermore, we are not in a position to determine whether or not trial counsel was ineffective in his actions in bringing this to the attention of the trial court.

Trial counsel testified that he filed a motion to withdraw in October 1994 and brought this to the attention of the trial court. The motion, made an exhibit to trial counsel's testimony, alleges a "conflict" but is not specific as to its nature. There is no transcript of the hearing on the motion and no order relating to its disposition. Thus, we are unable to determine whether trial counsel appropriately brought the nature of the conflict to the attention of the trial court. If trial counsel timely and properly brought this to the attention of the trial court and the request was denied, it would be difficult to find any deficiency by trial counsel. Otherwise, counsel may have been deficient. A remand is necessary to determine this issue, and a transcript of the hearing on the motion to withdraw should be presented.

It is also apparent from the appellate record that trial counsel did not represent the petitioner on appeal, but rather the public defender was appointed. It is further apparent from this court's opinion in the direct appeal that appellate counsel did not raise the issue of the alleged failure of the trial court to grant the motion to withdraw. This issue was not addressed in the post-conviction court and should be addressed upon remand. Accordingly, we remand for the following determinations to be made:

1. During *voir dire* prior to the trial of the defendant, was a statement made, as alleged in the petition for post-conviction relief, that a potential juror had been in the house of the defendant's father and had seen "too many things in the house," and, if so, was it likely that if a mistrial had been requested because of this statement it would have been granted?

2. What was the theory of the defense when the defendant and his wife were to be tried together?

3. What were the theories of the defense when the defendant and his wife were tried separately?

4. What was the "conflict" alleged in trial counsel's October 1994 motion to withdraw?

5. Did trial counsel allege, prior to the trial of the defendant, that he had a conflict of interest in continued representation of the defendant and, if so, did he raise this issue in an adequate fashion?

6. Was appellate counsel ineffective for not raising, on appeal, the issue of whether trial counsel had a conflict in representing both the defendant and his wife?

_____
ALAN E. GLENN, JUDGE