IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 8, 2000

## STATE OF TENNESSEE v. DEMARIO QUENTIZ JACKSON

**Appeal from the Circuit Court for Madison County**
**No. C-98-213     Joe C. Morris, Judge**

---

**No. W2000-01421-CCA-R3-PC**
**Filed December 27, 2000**

---

The Defendant pleaded guilty to two counts of rape of a child.  Pursuant to a plea agreement, he was sentenced to two concurrent prison terms of fifteen years, to be served at one hundred percent.  The Defendant complains in this post-conviction proceeding that he received ineffective assistance of counsel in conjunction with his plea, resulting in a plea that was not knowingly, intelligently or voluntarily entered.  The trial court denied relief.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Pamela J. Drewery, Jackson, Tennessee, for the appellant, Demario Quentez Jackson.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Demario Quentez Jackson, was indicted for two counts of rape of a child. He pleaded guilty to both counts as charged and was sentenced pursuant to a plea agreement to fifteen years on each count, to be served concurrently.  The Defendant was sentenced as a Range I, standard offender but is serving the sentences at one hundred percent pursuant to statute.  See Tenn. Code Ann. §§ 39-13-523(c), 40-35-501(i).  The Defendant filed for post-conviction relief alleging that he received ineffective assistance of counsel and, as a result, did not knowingly, intelligently or voluntarily enter his guilty plea.  After a hearing the trial court denied relief, finding that the Defendant had not met his burden of proving that his counsel had been ineffective or that his guilty plea was invalid.  The Defendant now appeals, arguing that his trial counsel was ineffective "in allowing [him] to plead guilty to the sentence" and that his guilty plea was not entered knowingly,

voluntarily or intelligently as a result of his lawyer's ineffectiveness. Upon our review of the record and relevant legal authority, we affirm the judgment of the trial court.

In post-conviction proceedings the Defendant has the burden of proving his or her allegations "by clear and convincing evidence." Tenn. Code Ann. § 40-30-210(f). Here, the gist of the Defendant's complaint about his attorney is that she did not inform him that he would have to serve his sentences at one hundred percent; that is, that he would not be eligible for early release. However, the post-conviction trial court found that

> [t]he proof clearly demonstrates that the defendant was advised of all rights both in the motion to accept his guilty plea and that he was advised of the sentence and that he would have to serve 100% of that sentence. It is further clear from the transcript that the defendant was advised by the [sentencing] Court during the plea hearing that he would [be] sentenced as a 100% offender.

These findings of fact are conclusive on appeal unless the evidence preponderates to the contrary. See Netters v. State, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). It is the Defendant's burden to illustrate to this Court how the evidence preponderates against the post-conviction court's judgment. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The Defendant has failed to demonstrate that the evidence in this case preponderates against the trial court's findings. At the guilty plea hearing, a transcript of which is included in the record, the trial court twice informed the Defendant that he was being sentenced as a one hundred percent offender on both cases. The Defendant testified at the plea hearing that he understood his plea bargain; that he had no questions about his plea; and that he was satisfied with his attorney. The Defendant signed his plea of guilty, on which was set forth "15 years to serve in Tennessee Department of Correction, 100% offender on each case." At no point during the plea hearing did the Defendant raise any questions about his eligibility for early release or how much time he would actually have to serve.

The Defendant testified at his post-conviction hearing that he had been "misled on both cases;" that he had not understood how much time he would have to serve; and that he had been "unaware of what 100 percent really meant." He explained "15 years at 100 percent, for a young man, is hard to do. . . . [A]ll I'm asking is if it is possible, that I could get an easier percentage." He testified that he did not want a new trial, stating that if he did "take the trial, [he's] still stuck." He further testified that he had pled guilty "[o]nly because it was stated to [him] that [he] was already, you know -- there was no way [he] could beat the case anyway."

When a Defendant complains that he received ineffective assistance of counsel in conjunction with entering a guilty plea, he bears the burden of showing that his counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment to the United States Constitution. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v.

<u>State</u>, 849 S.W.2d 744, 747 (Tenn. 1993).  He must further show "that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

The Defendant in this case failed to prove by clear and convincing evidence either of the prongs necessary to demonstrate ineffective assistance of counsel.  Moreover, even if trial counsel failed to correctly inform the Defendant about how much time he was going to have to serve, his testimony indicates that he pled guilty not based on the amount of time he thought he was going to spend in prison, but because he thought he would be unable to prevail at trial.[1]  The Defendant has likewise failed to prove that he did not enter his guilty plea voluntarily, intelligently and knowingly.  The judgment of the trial court is therefore affirmed.

_____
DAVID H. WELLES, JUDGE

---

[1] Had the Defendant been found guilty after a jury trial, he would have been subject to a sentence range of fifteen to twenty-five years.  <u>See</u> Tenn. Code Ann. §§ 39-13-522(b), 40-35-112(a)(1).