IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 28, 2014 Session

**JASON SHAWN CUNNINGHAM v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2011B1308, 2011B1579      Seth W. Norman, Judge**

---

**No. M2014-00380-CCA-R3-PC - Filed February 9, 2015**

---

On June 29, 2011, the petitioner entered guilty pleas to several offenses, including one count of the possession of 300 grams or more of cocaine, a Class A felony, and two counts of money laundering, Class B felonies. The petitioner received an effective twenty-year sentence for these crimes. The petitioner's total effective sentence was forty-one years, twenty-one of which were for crimes not at issue in this appeal. The petitioner filed a timely post-conviction petition, challenging his convictions for possession of over 300 grams of cocaine and two counts of money laundering on the basis that his trial counsel was deficient for failing to investigate these cases and that his trial counsel was operating under a conflict of interest when he represented the petitioner in the pleas. The post-conviction court denied relief. Because we conclude that trial counsel did not have an actual conflict of interest, that trial counsel's performance was not deficient, that there was no showing of prejudice, and that the pleas were knowing and voluntary, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROGER A. PAGE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Andrew C. Beasley (at hearing) and Manuel B. Russ (on appeal), Nashville, Tennessee, for the appellant, Jason Shawn Cunningham.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and John Zimmermann, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

The petitioner's convictions are the result of a large-scale investigation into the sale of drugs in Davidson County. The record and post-conviction hearing reveal that the guilty pleas were entered after a somewhat convoluted procedural history. In 2009, the petitioner was indicted in case number 2009-B-1902 for certain crimes,[1] ultimately pleading guilty to conspiracy to deliver 300 pounds or more of marijuana, a Class A felony, and for possession with intent to sell between 70 and 300 pounds of marijuana, a Class B felony. These offenses were committed when the petitioner and another man were transporting marijuana in a school zone. The petitioner acknowledged at the post-conviction hearing that he was guilty of these offenses and does not challenge them. The petitioner was represented at the time by a different attorney, who negotiated with the State for a guilty plea. The State initially offered the petitioner an eighteen-year aggregate sentence, but the petitioner rejected this offer and litigated a motion to suppress, which he lost. The State subsequently offered the petitioner an aggregate sentence of thirty years' confinement with a 30% release eligibility in exchange for a guilty plea on these offenses.

The petitioner contacted trial counsel shortly before a status conference because he was dissatisfied with his then-attorney's ("former counsel") performance. Trial counsel went to a meeting with former counsel and the petitioner, at which the thirty-year offer was discussed. Trial counsel testified that the petitioner was suspicious about the offer because he felt the term was too long. However, trial counsel and former counsel explained to the petitioner that, because the offense was committed in a school zone, his potential exposure was a minimum of fifteen years on each count with a 100% release eligibility and that he would be eligible for earlier release under the terms of the thirty-year plea offer. Trial counsel told the petitioner that trial counsel should not be retained, and the petitioner continued to be represented by former counsel.

At the hearing a few days later, the petitioner fled, resulting in a new indictment, 2010-D-3404, for failure to appear. The petitioner was apprehended, and in late 2010 or early 2011, he hired trial counsel to represent him for plea negotiations in the two pending cases. At this time, trial counsel was already representing Maxwell Greenhill in case number

---

[1] This indictment is not part of the record.

2011-B-1579. Because the petitioner had fled, the prosecution made him a less favorable plea offer on the two indictments: forty-one years at 30% (two twenty-year terms consecutively for the two drug offenses of indictment number 1902 and a one-year consecutive term for the failure to appear charge in indictment number 3404). The petitioner, who had been provided discovery in case 1902 by former counsel, wanted to accept the forty-one-year plea offer and to plead guilty in the two cases in which he had been indicted, neither of which are at issue in this appeal.

Before an agreement was formally reached, trial counsel discovered that the petitioner was to be indicted on new charges for offenses committed while on bond. Trial counsel did not want to finalize the plea agreement at this time because any sentences imposed for crimes committed while on bond would have run consecutively to the forty-one-year offer in cases 1902 and 3404. The petitioner was then charged in two additional indictments. In 2011-B-1308, the petitioner was charged in a two-count indictment with conspiracy to sell 300 pounds or more of marijuana in a drug-free zone and with money laundering. His wife was also named on this indictment, which apparently stemmed in part from a phone call the petitioner made from jail, allegedly asking his wife to collect certain drug debts. Indictment 2011-B-1579 named approximately forty-seven defendants, including both the petitioner, who was charged in three counts, and co-defendant Maxwell Greenhill, who was charged in four counts. Trial counsel testified that the prosecution had been steadily adding defendants to this indictment and that the petitioner was not named in the indictment at the time trial counsel had agreed first to represent Mr. Greenhill in case 1579 and then the petitioner in the two cases for which he had negotiated the forty-one-year plea. In indictment 1579, the petitioner was charged in Count One with conspiracy to sell 300 pounds or more of marijuana and 300 grams or more of cocaine, with an act occurring in a school zone; in Count Forty with possession with intent to deliver 300 grams or more of cocaine; and in Count Forty-Seven with money laundering. Mr. Greenhill was also named in those three counts.

Trial counsel testified that he was not formally retained to represent the petitioner on the new offenses in cases 1308 and 1579, some of which were committed while the petitioner was on bond. Instead, trial counsel testified that, after the petitioner had already indicated he wanted to agree to the forty-one-year plea offer for cases 1902 and 3404, trial counsel told the prosecutor that he was concerned about the petitioner's exposure on the new charges, which would by law run consecutively to indictments 1902 and 3404. The prosecutor made a new offer: if the petitioner would plead guilty to certain charges in the two newest indictments, he would not have to serve any additional time. Because of the additional felonies, the petitioner would be classified a persistent offender for any future offenses, but the aggregate sentence would remain forty-one years at 30%. Trial counsel testified that the petitioner was anxious to accept this offer. The petitioner was indicted in case 1308 on May

6, 2011, and in case 1579 on May 31, 2011. Trial counsel's testimony was that he represented the petitioner on the new charges by the time of the June 9, 2011 arraignment, when the trial court questioned him regarding a potential conflict. The petitioner pled guilty on June 29, 2011, and was convicted and sentenced as follows:

- Indictment 1902:
  - Count One: conspiracy to deliver over 300 pounds of marijuana, twenty years at 30%
  - Count Two: possession with intent to sell between 70 and 300 pounds of marijuana, ten years at 30%
- Indictment 3404: failure to appear, one year at 30%
- Indictment 1308: money laundering, ten years at 30%
- Indictment 1579:
  - Count Forty: possession with intent to sell over 300 grams of cocaine, twenty years at 30%
  - Count Forty-seven: money laundering, ten years at 30%

The convictions for indictments 1308 and 1579 were all to be served concurrently, resulting in an effective twenty-year sentence on those two indictments. The convictions in indictment 1902 were to be served concurrently with each other and consecutively to Count Forty in indictment 1579, and the one-year sentence in indictment 3404 was to be served consecutively to all other convictions. Accordingly, the aggregate sentence remained forty-one years, although the petitioner stood convicted of three additional felonies.

The petitioner testified at the post-conviction hearing that he never received any discovery on either of the newest indictments in cases 1308 and 1579. He testified that trial counsel did not go over the elements of the offenses with him. The petitioner claimed that in case number 1579, he pled guilty in Count Forty to possession with intent to sell 300 grams or more of cocaine but that there was no proof that the substance in the "bricks" was cocaine and trial counsel failed to insist that a lab analysis be performed. He also testified that trial counsel did not even file discovery requests and that there was no proof the petitioner's voice was identified on certain wire-taps. He testified that in case 1308, he told his wife where she could get approximately $7,000 from friends but did not tell her to go pick up drug money. He acknowledged that he told the judge at the plea hearing that the facts as recited by the prosecutor were basically true but stated he felt pressured to do so because trial counsel told him that if he did not plead guilty to certain charges, he would spend the rest of his life in jail. He claimed that he only pleaded guilty because trial counsel pressured him and told him that if he did not take the plea offer, he would have a much longer prison sentence. He acknowledged that he was also motivated by the prosecutor's

-4-

indication that he would be lenient with the petitioner's wife.

Trial counsel testified that he did go over the elements of the offenses with the petitioner and that, while he did not file a formal discovery request in case 1579, he already had all the discovery because he had obtained it in the course of representing Mr. Greenhill. He testified that because the plea date was in fewer than twenty days, any discovery request would not have been answered in time. He also testified that he had access to all evidence in the State's possession and that he spoke with the prosecuting detective about the State's evidence. Trial counsel testified that the petitioner expressed doubt about the State's quantum of proof regarding the cocaine because the drugs were not recovered in case 1579.

Two days prior to the entry of the pleas, trial counsel presented both the petitioner and Mr. Greenhill with a waiver of any conflict of interest. The petitioner had been aware that trial counsel was representing Mr. Greenhill in indictment 1579. The petitioner testified that he did not understand what the waiver was and that trial counsel told him "it was just a formality." He testified he did not have the opportunity to ask trial counsel about the waiver, and trial counsel was already representing him at the time that he was presented with the waiver.

Trial counsel testified that when he presented the waiver, he advised both the petitioner and Mr. Greenhill of the law and the potential conflict. Trial counsel testified that the co-defendants were friends and had both indicated that they would not testify against each other. Trial counsel, in negotiating a plea, was told by the prosecution that there was "no way" the prosecution would take testimony from the petitioner in exchange for a plea bargain offer or immunity. The prosecution also did not want to negotiate for testimony from Mr. Greenhill. The proof against both co-defendants in case 1579 was the same. Mr. Greenhill was ultimately sentenced to 13.5 aggregate years as a mitigated offender for his convictions in case number 1579. However, trial counsel testified that Mr. Greenhill was the "low man on the Totem pole" and that his associates called him a "Do Boy." The petitioner, on the other hand, was a close associate of Armando Lopez, the main target of the investigation. Trial counsel further testified that he did not intend to represent both the petitioner and his co-defendant at trial, but he felt that he had to take the opportunity to resolve the petitioner's additional charges with no additional time, particularly since the other forty-six defendants were all in the process of trying to negotiate plea bargains, and many could potentially give testimony which would reveal further exposure.

The post-conviction court entered an order denying relief. In the order, the court specifically credited the testimony of trial counsel over that of the petitioner where the two conflicted. The post-conviction court found that trial counsel explained the charges against the petitioner and discussed potential defenses, that trial counsel possessed all discovery in

the petitioner's case, that trial counsel had reviewed the State's file, that time was of the essence because other defendants were giving evidence, and that trial counsel "adequately conferred" with the petitioner. Accordingly, the post-conviction court found no deficiency. Regarding the conflict of interest, the post-conviction court found that there was no actual conflict, citing the fact that the pleas were negotiated independently, that the co-defendant's plea was entered in January of the following year, that the petitioner and co-defendant did not want to testify against one another, and that the petitioner wanted to plead guilty because he "received favorable sentence offers which he prudently accepted." The petitioner appeals.

## ANALYSIS

### I. Standard of Review

The petitioner bears the burden of proving the allegations of fact in a post-conviction petition by clear and convincing evidence. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). The findings of fact made by a post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Id.* The appellate court may not reweigh or reevaluate the evidence, and factual questions involving the credibility of witnesses are matters resolved by the trial court. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002). "The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness." *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

### II. Ineffective Assistance of Counsel

### A. Conflict of Interest

The Post-Conviction Procedures Act provides relief when a conviction or sentence is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the right to counsel, and the denial of the effective assistance of counsel is a proper ground for post-conviction relief. *Vaughn v. State*, 202 S.W.3d 106, 115-16 (Tenn. 2006). The right to counsel encompasses "the right to 'reasonably effective' assistance, that is, assistance 'within the range of competence demanded of attorneys in criminal cases.'" *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show that relief is warranted on a claim of ineffective assistance of counsel, the petitioner must normally establish both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007). However, this standard is somewhat modified when a

-6-

petitioner is able to show an actual conflict of interest. *Howard Clifton Kirby v. State*, No. 03C01-9303-CR-00074, 1994 WL 525086, at *4 (Tenn. Crim. App. Sept. 28, 1994).

"[A]n accused is entitled to zealous representation by an attorney unfettered by a conflicting interest." *State v. Thompson*, 768 S.W.2d 239, 245 (Tenn. 1989). To prevail in an action for post-conviction relief based on conflict of interest, the petitioner must show that there was an actual conflict of interest and that the conflict actually affected the adequacy of counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). "An actual conflict of interest is usually defined in the context of one attorney representing two or more parties with divergent interests," *State v. Tate*, 925 S.W.2d 548, 552 (Tenn. Crim. App. 1995), and "includes any circumstances in which an attorney cannot exercise his or her independent professional judgment free of 'compromising interests and loyalties.'" *State v. White*, 114 S.W.3d 469, 476 (Tenn. 2003) (quoting *State v. Culbreath*, 30 S.W.3d 309, 312-13 (Tenn. 2000)). When an attorney represents more than one client in a matter, an actual conflict arises when the representation is likely to involve the attorney in representing differing interests. *Id.*

There is no presumption that counsel who may have had a *potential* conflict of interest in representing multiple clients provided ineffective assistance. *Netters v. State*, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). If a petitioner cannot show that his counsel "'actively represented conflicting interests,'" then "'he has not established the constitutional predicate for his claim.'" *George Anthony Braddock v. State*, No. M2012-01605-CCA-R3-PC, 2014 WL 546351, at *16 (Tenn. Crim. App. Feb. 11, 2014) (quoting *Cuyler*, 446 U .S. at 350).

However, when an attorney actively represents conflicting interests and the actual conflict adversely affects the attorney's performance, the prejudice required to prevail on a claim of ineffective assistance of counsel is presumed. *Braddock*, 2014 WL 546351, at *16; *see also Netters*, 957 S.W.2d at 847-48 (stating that prejudice is presumed if an attorney actively represents conflicting interests and that "[t]he proper focus is solely upon whether counsel's conflict affected counsel's actions and the defendant's decision."). In the context of a guilty plea, the actual conflict must have adversely affected the decision to enter a guilty plea. *Kirby*, 1994 WL 525086, at *4.

In *Netters v. State*, the post-conviction court found that trial counsel, who had advised the petitioner to plead guilty, was burdened with an actual conflict of interest. *Netters*, 957 S.W.2d at 848. This court found that the following facts supported the finding that an actual conflict existed:

> (1) the plea offer was contingent upon both appellant and his co-
> defendant pleading guilty; (2) the co-defendant desired to plead

guilty, whereas appellant had consistently desired to go to trial; (3) assigned counsel for the co-defendant advised appellant that his failure to plead guilty could "mess up" the co-defendant's desire to plead guilty; (4) co-defendant had stated the appellant fired at the alleged victims, whereas appellant insisted he had fired shots into the air; (5) counsel who represented co-defendant was actually substituted as counsel for appellant at the guilty plea proceeding; and (6) appellant at the guilty plea proceeding denied guilt on the attempted murder charge and, at the suggestion of the trial court, entered a "best interest" plea . . . .

*Id.* This court likewise concluded that trial counsel had an actual conflict in *Kirby v. State*. *Kirby*, 1994 WL 525086, at *5. In *Kirby*, counsel represented the defendant as well as a co-defendant whose statements to police and prospective testimony incriminated the defendant. *Id.* While the State in *Kirby* expressed an interest in using the defendant's testimony against the co-defendant in exchange for a more favorable plea offer, trial counsel did not negotiate for the defendant's testimony because trial counsel was also representing the co-defendant. *Id.* This court concluded that an actual conflict was present and that it affected certain of the petitioner's pleas. *Id.* at *7.

In contrast, this court has concluded in other cases that representation of co-defendants did not constitute an actual conflict. In *Hamlin v. State*, trial counsel represented the defendant and his wife, but neither co-defendant wished to proceed to trial and both wished to negotiate plea offers. *Michael Allen Hamlin v. State*, No. M1999-00936-CCA-R3-PC, 2000 WL 337583, at *3 (Tenn. Crim. App. Mar. 31, 2000). The pleas were arranged independently, and neither was contingent upon the acceptance of the other defendant. *Id.* The petitioner was aware of a potential conflict, and trial counsel had informed the petitioner and co-defendant that he would withdraw from representation if it became necessary to "pit one against the other." *Id.* at *1. This court denied relief, as there was no actual conflict. *Id.* at *2. A petitioner and his wife were also represented by the same trial counsel in *Collins v. State*. *Robert Eric Collins v. State*, No. E2011-01758-CCA-R3-PC, 2012 WL 4761928, at *1 (Tenn. Crim. App. Oct. 5, 2012). The petitioner was advised of the potential conflict and wanted trial counsel to represent him. *Id.* at *8. The petitioner wanted to prevent his wife from going to jail, and trial counsel managed to negotiate plea offers where both defendants avoided jail time. *Id.* at *1, *5-6. This court concluded that no actual conflict existed. *Id.* at *8. In *State v. Nichols*, trial counsel represented both the petitioner in a criminal matter and the petitioner's father in a civil suit against the petitioner. *State v. Jeffrey Scott Nichols*, No. E2007-01865-CCA-R3-PC, 2008 WL 5272482, at *12 (Tenn. Crim. App. Dec. 19, 2008). The civil suit was an attempt to set aside a foreclosure and recoup money

advanced for a bond which was lost due to the petitioner's failure to appear, and the petitioner and his father had no real dispute regarding the civil proceeding. *Id.* This court affirmed the finding that there was no actual conflict. *Id.*

We conclude that in the instant case, there was no actual conflict of interest. The testimony of trial counsel, accredited by the post-conviction court, was that the petitioner and his co-defendant did not wish to give evidence against one another. Furthermore, the State had indicated that it would not consider giving the petitioner or the co-defendant more favorable plea offers in exchange for testimony. The pleas of the petitioner and co-defendant were negotiated separately and entered approximately six months apart. They were two co-defendants out of forty-seven individuals charged in the indictment. The petitioner did not want to proceed to trial but was "anxious" to accept the plea offer, which entailed no additional prison time beyond that required for a separate plea offer which the petitioner had already expressed a desire to accept. The petitioner was aware that trial counsel represented his co-defendant and signed a waiver indicating awareness of a potential conflict.[2] Trial counsel did not intend to represent both the petitioner and the co-defendant at trial but negotiated the guilty plea in case number 1579 because it was part and parcel to the guilty pleas in the petitioner's other cases, which did not involve the co-defendant. Accordingly, as the petitioner cannot demonstrate an actual conflict of interest, he must show both deficient performance from his trial counsel and prejudice to the defense in order to prevail in his petition for post-conviction relief.

## B. Deficiency and Prejudice

The petitioner also seeks relief premised on the allegations that trial counsel's investigation and consultation were deficient, that trial counsel's representation of multiple clients amounted to ineffective assistance, and that his pleas were not knowing and voluntary due to trial counsel's conflict. As noted above, to succeed with a claim of ineffective assistance of counsel, a petitioner must normally show both deficient performance by counsel and prejudice. *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007). To demonstrate deficiency, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). "'[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[2] We do not analyze the validity or timing of the waiver but note that a valid waiver must show that "(1) the defendant was aware that a conflict existed; (2) the defendant realized the consequences to his defense that continuing with counsel under the burden of a conflict could have; and, (3) the defendant was aware of his right to obtain other counsel." *Kirby*, 1994 WL 525086, at *6.

professional assistance.'" *Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999)). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Vaughn*, 202 S.W.3d at 116. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Felts*, 354 S.W.3d at 277 (quoting *Strickland,* 466 U.S. at 694). When a petitioner challenges his guilty plea on the basis of ineffective assistance of counsel, the petitioner must prove deficient performance and that "'there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Grindstaff v. State*, 297 S.W.3d 208, 217 (Tenn. 2009) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Failure to show either deficiency or prejudice precludes relief. *Felts*, 354 S.W.3d at 277.

The petitioner's challenges are limited to case number 1579, in which Mr. Greenhill was a co-defendant, and case number 1308, in which the petitioner's wife was also charged. The post-conviction court found that trial counsel explained the charges against the petitioner, reviewed all the available discovery in the petitioner's cases, and conferred with the petitioner, and these factual findings are binding on the appellate court unless the evidence preponderates otherwise. The post-conviction court further found that trial counsel did not wait for formal discovery responses because additional evidence coming from the other forty-six co-defendants could potentially have increased the petitioner's exposure and because the plea offer to the petitioner, which asked him to plead guilty to additional felonies with no additional prison time, was a "favorable sentence offer[] which he prudently accepted." We conclude that the petitioner has failed to establish that his trial counsel performed deficiently by failing to investigate his cases or communicate with the petitioner; nor is there a reasonable probability that, absent any errors, the petitioner would not have pled guilty to the charges in the two new indictments.

The petitioner likewise cannot establish that his trial counsel was ineffective in representing multiple clients or that the petitioner's pleas were not knowing and voluntary due to trial counsel's representation of multiple clients. Trial counsel had no actual conflict, and the record shows that trial counsel's performance in negotiating the petitioner's plea was not affected by his contemporaneous representation of Mr. Greenhill. While Mr. Greenhill received a shorter sentence, the post-conviction court credited trial counsel's testimony that this was in part due to the fact that he was a minor player in the drug conspiracy, while the petitioner had a more major role. Neither can the petitioner establish prejudice on this claim, as the evidence shows that the offer of no additional time was a "favorable offer," and there is no reasonable probability that the petitioner would not have pled guilty had trial counsel not also represented Mr. Greenhill. Accordingly, the petitioner has failed to establish that he received the ineffective assistance of counsel.

A guilty plea must be knowing and voluntary. *State v. Wilson*, 31 S.W.3d 189, 194 (Tenn. 2000). In evaluating whether the plea is voluntary and intelligent, a court

> must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Because the petitioner's claims that his pleas were not knowing or voluntary are premised on trial counsel's allegedly deficient performance in representing multiple clients, and because we have concluded that trial counsel did not perform deficiently, we likewise conclude that the petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE