FILED

04/05/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2017 Session

## ROBERT KIZER v. STATE OF TENNESSEE

Appeal from the Circuit Court for Houston County
No. 4999      Larry J. Wallace, Judge

No. M2016-01215-CCA-R3-PC

In 2009, the Petitioner, Robert Kizer, pleaded guilty to sale of cocaine and was sentenced to twelve years of incarceration, with all but ninety days to be served on Community Corrections. In 2010, a Community Corrections violation warrant was issued, prompting the Petitioner to file a motion for post-conviction relief alleging that his sentence was incorrect and that he received the ineffective assistance of counsel. In 2012, a second violation warrant was issued, and, in 2013, the trial court revoked the Petitioner's Community Corrections sentence and dismissed his post-conviction petition. Later in 2013, the Petitioner filed a second petition for post-conviction relief. The post-conviction court held a hearing in 2015 following which it denied the petition. On appeal, the Petitioner claims that he received the ineffective assistance of counsel during his guilty plea hearing because his attorney lacked "legal authority" to represent him and because his attorney had a conflict of interest. After review of the record and applicable authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY and TIMOTHY L. EASTER, JJ., joined.

James L. Baum, Burns, Tennessee, for the appellant, Robert Kizer.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Wendell Ray Crouch, Jr., District Attorney General; and Talmage M. Woodall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
**I. Facts and Procedural History**

This case arises from two convictions for felony drug charges, for which the Petitioner received Community Corrections sentences. Thereafter, the trial court issued probation violation warrants and ultimately revoked the Community Corrections sentences. The Petitioner filed a petition for post-conviction relief, which the lower court dismissed as untimely and the Petitioner appealed. This Court provided a summary of the procedural history of the Petitioner's cases as follows:

> [The] Petitioner entered into plea agreements on two charges of selling cocaine to confidential informants. One charge was based on a sale that occurred in Houston County on March 16, 2007. The other charge was based on a sale that occurred in Stewart County on April 16, 2008. [The] Petitioner appeared before the Stewart County Circuit Court on November 24, 2009, where he was represented by a public defender and pled guilty to both charges. He affirmed that he was aware of his rights and that he had entered into his pleas willingly and knowingly. The trial court accepted his pleas and sentenced him to six years for each charge, with his sentences to run consecutively. [The] Petitioner was ordered to serve the sentences on community corrections.

> The trial court issued a probation violation warrant on June 30, 2010, and an amended warrant on November 8, 2010, and [the] Petitioner was taken into custody. The warrant alleged that [the] Petitioner tested positive for marijuana and cocaine, missed scheduled office visits, failed to make monthly payments on his court costs and supervision fees, and failed to perform community service work. After a hearing, he was found in violation of the conditions of his non-incarcerative sentence and was reinstated to community corrections with time served.

> On November 23, 2010, [the] Petitioner filed a timely hand-written pro se petition for post-conviction relief in the Houston County Circuit Court. The post-conviction court subsequently filed an order in which it noted that the pro se petition was timely filed, granted a post-conviction relief hearing, appointed an attorney to represent the [P]etitioner in the post-conviction proceeding, and ordered the attorney to file an amended petition that complied with the statutory requirements.

> The amended petition, filed on May 13, 2011, claimed that [the] Petitioner was deprived of effective assistance of counsel because the public defender who represented him had a conflict of interest and did not

2

make him aware that consecutive meant back-to-back. [The] Petitioner stated that he believed that he was only being sentenced to six years total for both the Houston County and the Stewart County convictions. He further stated that he would not have agreed to the sentence if he had effective counsel.

[The] Petitioner was subsequently served with another probation violation warrant for driving on a suspended license, evading arrest and not reporting to his probation officer. The trial court, sitting in Stewart County, conducted a second revocation hearing on March 25, 2013. The court heard testimony about [the] Petitioner's violations from several law enforcement officers. [The] Petitioner called several witnesses including his long-time girlfriend, the mother of three of his children.

At the conclusion of testimony and argument, the court ruled from the bench. The court summarized the evidence it had heard and revoked the suspension of [the] Petitioner's sentences. In the course of its ruling, the trial court characterized the pending petition for post-conviction relief as a house-keeping matter that needed to be addressed. The court dismissed the petition summarily because it found that it was not timely filed. The probation revocation order which resulted from that hearing does not mention the petition for post-conviction relief.

*State v. Robert Kizer*, No. M2013-01036-CCA-R3-CD, 2014 WL 2884548, at *1-3 (Tenn. Ct. Crim. App, at Nashville, Feb. 12, 2014). This Court reversed the dismissal of the Petitioner's petition for post-conviction relief, finding that his petition was timely and should have been heard by the post-conviction court and remanded the case for a hearing on the merits. *Id.*

On remand, the post-conviction court held a hearing on November 18, 2015, during which the following evidence was presented: Drew Taylor testified that he was appointed to represent the Petitioner in 2009 (hereinafter "Counsel"). At some point during his representation of the Petitioner, Counsel filed a motion to withdraw based upon a conflict with the Petitioner's case in Houston County. Counsel explained the conflict, stating that he had previously represented the confidential informant who would be testifying in the Petitioner's Houston County case. Because it appeared to Counsel that the Petitioner's Houston County case would be going to trial, necessitating Counsel cross-examining the confidential informant, Counsel withdrew but remained on the Petitioner's Stewart County case. Another attorney was appointed to represent the Petitioner in the Houston County case. Counsel denied having a conflict of interest in the

3

Stewart County case.

Counsel testified that a plea agreement was developed that encompassed both the Houston and Stewart County cases, but he could not recall the details of how it was developed. Because Counsel had initially been appointed to both cases, he had explained to the Petitioner the facts and potential outcomes, as well as possible sentences. Once it became clear that the Houston County case would not go to trial and that the Petitioner would enter a plea in both cases, Counsel felt that he could "stand in" for the Petitioner's attorney in the Houston County case. Counsel explained to the Petitioner that he had withdrawn from the Houston County case because of his conflict of interest but that he could represent the Petitioner at his guilty plea hearing if the Petitioner wanted to settle both cases on the same day. Counsel recalled, "to the best of [his] recollection," that the Petitioner wanted to go forward and resolve both his Stewart and Houston County cases on the same day because it might get him released from jail sooner. Counsel reiterated to the Petitioner that he had a conflict but would represent the Petitioner if he wished. Counsel testified that he should have made part of the record that the Petitioner was aware of the conflict and had chosen to go forward with Counsel.

Counsel agreed that the Petitioner's guilty plea hearing for the Houston County case was held in Stewart County. Counsel discussed the plea agreement with the Petitioner three weeks before the guilty plea was entered and, on the day of the hearing, Counsel reviewed the plea agreement item by item, including that the Petitioner would be pleading guilty to offenses in both counties and would be receiving consecutive sentences. Counsel felt that the Petitioner understood what consecutive sentencing meant.

Counsel recalled that, in the Houston County case, the Petitioner's voice was not on the recording of the drug transaction, which was why Counsel initially believed the case would go to trial. Counsel agreed that, in the Houston County case, he was granted authority by the Petitioner's attorney of record (hereinafter "Houston County attorney") on that case to "stand in" for him at the guilty plea hearing.

On cross-examination, Counsel reiterated that it was the Petitioner who wanted to "settle" both cases on the same day. Counsel agreed that the transcript of the guilty plea hearing showed that the trial court explained to the Petitioner that he would be receiving consecutive six-year sentences.

Upon further questioning by the post-conviction court, Counsel testified that he felt comfortable "standing in" for the Petitioner's attorney on the Houston County case because it was clear that the case was ultimately not going to trial. The Petitioner did not

4

express any objection and seemed "comfortable" with Counsel representing him.

On further redirect-examination, Counsel agreed that the Petitioner filed several disciplinary complaints against him, one of which accused Counsel of colluding with the trial judge and the State to make sure the Petitioner was convicted.

The Petitioner testified that he met with Counsel at the Stewart County courthouse, and Counsel told the Petitioner that he might be able to "work out" the Petitioner's cases for him. The Petitioner stated that he was not in court for the Houston County case. He agreed that he planned to "take the blame" for the Stewart County case but was innocent of the Houston County charges; however, Counsel told him that if he did not plead guilty to both offenses he would receive a twenty-year sentence based upon his prior record. The Petitioner stated that he planned to take his Houston County case to trial with the Houston County attorney but, when that attorney did not come to his Stewart County court appearance, the Petitioner felt he was forced to do what Counsel advised.

The Petitioner testified that he understood the difference between concurrent and consecutive sentencing "to a certain extent" but reiterated that he was forced to accept the plea agreement for consecutive sentencing. The Petitioner stated that he did not understand that he was pleading guilty to the Houston County offense. Counsel told the Petitioner that if he did not take the State's offer of twelve years he would get a twenty-year sentence. The Petitioner agreed that he signed a plea agreement that encompassed his Houston County offense, but the Petitioner testified that he told Counsel he "did not want to do this." The Petitioner stated that he never gave his permission for Counsel to "stand in" for his Houston County attorney.

On cross-examination, the Petitioner agreed that he testified at the guilty plea hearing that he understood what he was doing and that no one was forcing him to take the plea. The Petitioner reiterated that he told Counsel he would not plead to the Houston County offense, and Counsel replied that if he did not, he would receive a twenty-year sentence. The Petitioner denied that he knew he was accepting a twelve-year sentence and said that he thought it was "two sixes running together." He recalled that, during the guilty plea hearing, he had to leave the courtroom to talk with Counsel because he did not want to enter the plea.

The Petitioner was questioned by the post-conviction court and testified that he "agreed with" the Stewart County conviction. He agreed that he had a prior felony on his record and several misdemeanors. The post-conviction court asked the Petitioner to recount how his plea was entered, and the Petitioner recalled that he was standing at the

podium with Counsel, and the trial court sent them out of the room for Counsel to explain to the Petitioner what was happening. The Petitioner stated that he and Counsel were already "at odds," and the Petitioner said he told Counsel he would not accept the plea agreement. The Petitioner said he was not prepared to resolve both cases on the same day and accept a twelve-year sentence. The Petitioner did not remember telling the trial court that he understood the sentence and understood that he would be ordered to serve twelve years if he violated his Community Corrections sentence.

The post-conviction court issued an order denying the Petitioner relief, finding that Counsel's credibility outweighed the Petitioner's. Further, the post-conviction court accredited Counsel's testimony that Counsel fully explained the plea agreement and resulting sentence to the Petitioner. As to whether the Petitioner received the ineffective assistance of counsel when advised to enter the plea and whether it was knowing and voluntary, the post-conviction court found that the Petitioner was competent, understood the trial court's questions, and was familiar with the proceedings. It found that Counsel fully explained the nature and consequences of the plea agreement to the Petitioner and that the trial court gave the Petitioner every opportunity to back out of the agreement. The post-conviction court found that there was good reason for the Petitioner to enter the plea, namely that he received a lesser sentence.

As to the Petitioner's conflict of interest argument, the post-conviction court found that both the Petitioner and his Houston County attorney were agreeable to Counsel representing the Petitioner at the guilty plea hearing, and that this evidence was not refuted. The post-conviction court did not accredit the Petitioner's testimony that he did not give Counsel permission to "stand in" for his other attorney during the Petitioner's guilty plea hearing. The post-conviction court found that the Petitioner had not proven by clear and convincing evidence that Counsel had been ineffective in this regard. It further found that there was no proof that Counsel did not exercise his independent judgment free of competing interests. Lastly, the post-conviction court found that the situation giving rise to the conflict of interest, that Counsel had represented a potential witness at trial, did not adversely affect Counsel's performance or the plea agreement.

The post-conviction court went on to find that Counsel's representation was within the range of reasonable professional assistance of counsel and that Counsel gave the Petitioner the best representation "every step of the way." The post-conviction court concluded that because the Petitioner had failed to establish his ineffective assistance of counsel claim by clear and convincing evidence, his petition was denied. It is from the post-conviction court's judgment that the Petitioner now appeals.

## II. Analysis

6

The Petitioner contends on appeal that the post-conviction court erred when it denied his petition because he received the ineffective assistance of counsel. He contends that Counsel's conflict of interest was Counsel's interest in resolving the Stewart County case versus the Petitioner's interest in going to trial in Houston County. He also contends that Counsel lacked the legal authority to represent the Petitioner because the Houston County attorney did not have the authority to assign his duties to Counsel without the Petitioner's permission. The State responds that Counsel did not have an "actual" conflict of interest because there was no evidence that Counsel had a personal interest in the outcome of the Petitioner's case that clouded his professional judgment. The State further responds that the Petitioner has not established any deficiency by either attorney when the Petitioner's Houston County attorney authorized Counsel to represent the Petitioner at the guilty plea hearing. The State argues that the Petitioner has not provided any authority for his argument that Counsel did not have legal authority to represent him. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient

7

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *House*, 44 S.W.3d at 515 (quoting *Goad*, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by

8

demonstrating there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

"[A]n accused is entitled to zealous representation by an attorney unfettered by a conflicting interest." *State v. Thompson*, 768 S.W.2d 239, 245 (Tenn. 1989). To prevail in an action for post-conviction relief based on a conflict of interest, the petitioner must show that there was an actual conflict of interest and that the conflict actually affected the adequacy of counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980). "An actual conflict of interest is usually defined in the context of one attorney representing two or more parties with divergent interests," *State v. Tate*, 925 S.W.2d 548, 552 (Tenn. Crim. App. 1995), and "includes any circumstances in which an attorney cannot exercise his or her independent professional judgment free of 'compromising interests and loyalties.'" *State v. White*, 114 S.W.3d 469, 476 (Tenn. 2003) (quoting *State v. Culbreath*, 30 S.W.3d 309, 312-13 (Tenn. 2000)). When an attorney represents more than one client in a matter, an actual conflict arises when the representation is likely to involve the attorney in representing differing interests. *Id.*

There is no presumption that counsel who may have had a potential conflict of interest in representing multiple clients provided ineffective assistance. *Netters v. State*, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). If a petitioner cannot show that his counsel "'actively represented conflicting interests,'" then "'he has not established the constitutional predicate for his claim.'" *George Anthony Braddock v. State*, No. M2012-01605-CCA-R3-PC, 2014 WL 546351, at *16 (Tenn. Crim. App. Feb. 11, 2014) (quoting *Cuyler*, 446 U.S. at 350). In the context of a guilty plea, the actual conflict must have adversely affected the decision to enter a guilty plea. *Howard Cliften Kirby v. State*, No. 9393-CR-0074, 1994 WL 525086, at *4 (Tenn. Crim. App. Sept. 28, 1994).

We conclude that in the instant case, there was no actual conflict of interest. The testimony of trial counsel, accredited by the post-conviction court, was that Counsel withdrew from the Petitioner's case in Houston County because he believed he would not be able to effectively cross-examine a potential witness who had been a past client. When it became obvious that the case would not go to trial, Counsel undertook representation of the Petitioner's case for purposes of entering a guilty plea. The potential witness played no part in the entry of the Petitioner's guilty plea and thus, the potential conflict never actually arose. Furthermore, the evidence was that it was the Petitioner's decision to enter a plea that encompassed both his Stewart County and Houston County cases to receive a lesser sentence and get out of jail sooner. There was

no evidence in the record that Counsel's conflict regarding the potential witness in the Houston County case affected the Petitioner's decision to enter a guilty plea in that case, instead of proceeding to trial. Accordingly, the Petitioner cannot demonstrate an actual conflict of interest nor can he show that his decision to enter a guilty plea was adversely affected by the potential conflict of interest.

We also conclude that the Petitioner has not shown that Counsel did not have the legal authority to represent him at the guilty plea hearing. The Petitioner argues that in the case of a "dispositional issue," a trial or plea, an attorney cannot assign his duty to represent his client to another attorney, as can be done in the case of "ministerial matters." However, the Petitioner provides no legal authority for this argument. We agree with the State that this Court will not presume that the Petitioner was prejudiced by Counsel's standing in for another attorney. *See William T. Johnson v. State*, No. E2014-00828-CCA-R3-PC, 2014 WL 6883653, at *5 (Tenn. Crim. App. Dec. 8, 2014) (citing several cases that held that a petitioner was not denied the effective right to counsel when an attorney stood in for another), *no perm. app. filed*. Furthermore, the Petitioner has not shown that he was prejudiced by Counsel doing so. The evidence at the post-conviction hearing was that the Petitioner affirmed that he was entering his guilty plea knowingly and voluntarily and did not voice any opposition to Counsel's representing him in that regard. The Petitioner's statements at the guilty plea hearing are presumed to be truthful. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). We conclude that Counsel had the proper authority to represent the Petitioner, and was effective in his representation of the Petitioner. Accordingly, we conclude that the Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE