**STATE of Tennessee, Appellee,**

v.

**Edith L. PARROTT, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 27, 1995.

Gregory D. Smith, Clarksville, for appellant.

Charles W. Burson, Attorney General and Reporter, Merrilyn Feirman, Assistant Attorney General, Nashville, Carl K. Kirkpatrick, District Attorney General, and David Overbay, Assistant District Attorney General, Blountville, for appellee.

### *OPINION*

WELLES, Judge.

This is an interlocutory appeal by permission of the trial court pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Defendant argues that the trial court erred in granting the State's motion to disqualify attorney Dennis Hughes from representing her. Thus, the only issue on appeal is whether the trial court erred in granting the State's motion to disqualify Defendant's counsel. The decision of the trial court is

---

**8.** Rule 33(f) also gives both sides the right to demand a different judge on retrial.

reversed, and the case is remanded to the trial court for further proceedings.

The Defendant and her husband were both charged with two counts of selling and four counts of possession with intent to sell a controlled substance. Initially, they were jointly represented by attorney Dennis Hughes and attorney Burkett C. McInturff. On June 13, 1994, the Defendant and her husband requested in open court that they be separately represented. However, the Defendant did not dismiss Hughes as her counsel. On June 27, 1994, the State filed a motion to disqualify Hughes as the Defendant's counsel of record. Both the Defendant and her husband opposed this motion. Both Hughes and McInturff filed affidavits saying that they believed that Hughes could ethically continue to represent the Defendant. The trial court granted the State's motion on August 9, 1994, while also granting the Defendant's request for an interlocutory appeal on this issue.

In it's order granting the interlocutory appeal, the trial court stated the following in summarizing the procedural history of the case:

> The State filed a motion to disqualify each lawyer. Mr. McInturff then withdrew from the case, however. Mr. Hughes stated that he would continue to represent Mrs. Parrott at her request. On the other hand, Mrs. Parrott stated under oath in open court that she desired conflict-free representation to the extent, if necessary, of implicating her husband-co-defendant. The court finds that this is a case where each defendant is charged with possessing for sale quantities of legend drugs. Each defendant is employed at a pharmaceutical company where such drugs could have been obtained and each defendant was present and resided in the residence where such contraband was seized. Thus, implication of the other might well be a defense either positively or inferentially. Further, Mr. Hughes has been in a confidential lawyer-client relationship with Mr. Parrott, thus possibly limiting full representation of Mrs. Parrott by Mr. Hughes. Although both have now waived by affidavit any conflict of interest issue so as to permit Mr. Hughes to continue to represent Mrs. Parrott, this position is contrary to that taken in open court by each defendant. Further, as noted, each defendant has changed her/his position under oath previously in open court.

 The Defendant contends that the trial court erred in granting the State's motion to disqualify Hughes as the Defendant's counsel. The right to counsel includes the qualified right to the counsel of one's choice. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140, *reh'g denied,* 487 U.S. 1243, 108 S.Ct. 2918, 101 L.Ed.2d 949 (1988). However, situations may arise where a conflict of interest may be good cause to limit this right. To justify a denial of the right to counsel of one's choice, it is sufficient to show that an actual conflict exists. *Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980). The mere fact of joint representation will not, in and of itself, be sufficient to show an actual conflict, nor will hypothesis or speculation. *United States v. Medel,* 592 F.2d 1305, 1312 (5th Cir.1979). An actual conflict, rather than the mere possibility, must be established prior to any removal or withdrawal of counsel. *State v. Oody,* 823 S.W.2d 554, 558 (Tenn.Crim.App.), *perm. to appeal denied, id.* (Tenn.1994). Furthermore, a Defendant will not be deprived of his retained counsel of choice in a situation presenting a conflict of interest where the Defendant knowingly and intelligently affirms his choice. *United States v. Valenzuela,* 521 F.2d 414, 416 (8th Cir.1975), *cert. denied,* 424 U.S. 916, 96 S.Ct. 1117, 47 L.Ed.2d 321 (1976).

 The Defendant's counsel actively represented both her and her husband, the co-defendant, during trial preparation. Although unaware of the specific happenings between Hughes and Mr. or Ms. Parrott, the trial court believed that a conflict of interest had occurred or would occur whereby Mr. Hughes might not be able to fully represent the Defendant at trial. For example, his prior attorney-client relationship with the co-defendant might keep him from properly cross-examining the co-defendant at trial. However, there has been no evidence pre-

sented that any event causing an actual conflict of interest has occurred. The court based its ruling on what *might* happen. Also, both the Defendant and her husband have waived any conflict of interest issues through signed affidavits. Although this is contrary to the position each took in open court a short time beforehand, the Defendant never replaced Hughes as her attorney, and her signed affidavit can only be seen as a knowing and intelligent affirmation of her choice to keep Hughes as her counsel. Although it is prudent to eliminate conflict of interest problems when they arise, the court should not overrule the informed decision of a Defendant who knowingly and intelligently waives the conflict and agrees to accept the consequences.

As there has been no showing of an actual conflict of interest and the Defendant, knowing that there *may* be a conflict, has chosen to retain Hughes as her counsel, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

JONES and BARKER, JJ., concur.