IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 24, 2018 Session

## STATE OF TENNESSEE v. REBECCA MICHELLE SPEARS, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 108694   Steven Wayne Sword, Judge**

_____

### No. E2017-01836-CCA-R9-CD

_____

Defendant, Rebecca Michelle Spears, appeals after the trial court granted the State's motion to disqualify trial counsel on the basis that trial counsel was a necessary witness. Because we determine that trial counsel was a necessary witness and any testimony given by trial counsel would be related to contested issues, we affirm the judgment of the trial court.

**Tenn. R. App. P. Rule 9 Interlocutory Appeal; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gregory H. Harrison, Knoxville, Tennessee, for the appellant, Rebecca Michelle Spears.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and Willie Santana, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

The Knox County Grand Jury issued a presentment in August of 2016 charging Defendant and co-defendant Alex Spears with one count of exploiting an adult in violation of Tennessee Code Annotated section 39-14-111. The named victim, Virginia Wilson, was the mother of Defendant and the grandmother of the co-defendant.[1]

---

[1] During the pendency of this matter, the victim died of unspecified causes.

In April of 2017, the State filed a motion to disqualify trial counsel, Gregory Harrison. The State alleged that trial counsel had a conflict of interest that disqualified him from representing Defendant because he was a "necessary witness" as set forth in Rule 3.7(a) of the Rules of Professional Conduct. In the motion, the State asserted that the victim lived in Kentucky and had been placed under a guardianship of another relative. Defendant, who was a registered nurse, and co-defendant served as the victim's caretakers. The State indicated that the proof at the trial on the exploitation charge would show that Defendant used the victim's resources, funds, and property to benefit herself to the victim's detriment all during the time that Defendant was acting as caretaker for the victim. The State referenced a quitclaim deed and a durable power of attorney with healthcare, prepared by trial counsel in 2011 and 2012, respectively, as evidence that would be introduced at trial. The State indicated that trial counsel would be called to testify regarding the preparation of these documents; the monetary compensation, if any, that trial counsel received for preparation of these documents; and the extent to which trial counsel had interactions with the victim. The State also indicated that Defendant used a credit card in the victim's name to pay $1000 to trial counsel and that trial counsel's testimony would be necessary at trial to explain the charge and/or payment. Thus, the State concluded that trial counsel was a necessary witness and should, therefore, be disqualified from representing Defendant.

The State attached to the motion both the quitclaim deed and the first page of the durable power of attorney with healthcare prepared by trial counsel. The quitclaim deed appears to be signed by the victim and filed on August 8, 2011, in Knox County. The State also attached a copy of what appears to be a Discover Card bill from the billing period of December 21, 2010, to January 20, 2011. The transactions section of the bill lists a payment of $1000 for services that was made to "VHSG Attorneys Knoxville TN" on January 11, 2011.

The trial court held a hearing on May 12, 2017. At the hearing, the trial court noted that there was a potential conflict because the trial judge was a former law partner of trial counsel. During argument on the motion, trial counsel maintained that he was never paid for preparing the quitclaim deed or power of attorney, that he was not responsible for the actual execution of the documents he prepared, and that he had no idea whether the documents were actually even used or filed. Moreover, trial counsel informed the trial court that he never had any contact with the victim. Trial counsel maintained that he was not a necessary witness.

The State noted that the victim had been declared incompetent and later died. Thus, any proof that the State would be relying on at trial would likely be "circumstantial." The "fact that [Defendant] directed the transactions and . . . that [trial

counsel] did this transaction" were all part of a "pattern of conduct" by Defendant. Thus, trial counsel was a "necessary witness" to the prosecution. After this brief hearing, the trial judge recused himself from further participation in the case based on the fact that trial counsel was his former law partner. A new trial judge was appointed to hear the matter.

After rescheduling the matter several times, the parties agreed to stand on the argument made at the initial hearing. The successor trial judge reviewed the argument and issued a written order. The trial court determined that the "issues are not uncontested" as envisioned in Rule 3.7(a) of the Rules of Professional Conduct codified in Rule 8 of the Rules of the Supreme Court of Tennessee. Specifically, the trial court noted that the issue relevant to the prosecution of Defendant is not who prepared the documents but rather who paid for the services, who benefitted from the services, and who authorized the services and/or payments. The trial court opined that trial counsel was the only person who could provide this testimony and that the issues were "central to the allegations in the case." While recognizing Defendant's right to counsel of her own choosing, the trial court acknowledged that the issues raised by the motion, coupled with trial "counsel's prior contact with Defendant overcome the deference to Defendant's choice of representation." The trial court "reluctantly" disqualified trial counsel, explicitly finding that there was "no improper behavior" and taking no position on "potential attorney/client privilege" matters.

Defendant filed a "motion to reconsider" or, in the alternative, for permission to seek an appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The State responded to the motion, noting that there is "no such thing as a Motion to Reconsider under the Tennessee Rules of Criminal Procedure." The State also opposed the grant of a Rule 9 appeal.

The trial court granted permission for Defendant to seek an interlocutory appeal. The State filed a motion in this Court seeking appellate review of the trial court's grant of permission to appeal via Rule 9. This Court reviewed the grant of the Rule 9 and agreed with the trial court's determination that the matter should be reviewed in an interlocutory appeal.

*Analysis*

On appeal, Defendant argues that "there is a presumption in favor of Defendant's choice of counsel and the trial court erred when it disqualified [trial] counsel without a showing of a serious potential for conflict." Thus, Defendant insists that the trial court abused its discretion by disqualifying trial counsel where the issues are uncontested. The State responds that while trial counsel may testify to individually uncontested facts, the

testimony relates to issues at trial which are contested—specifically as to whether Defendant was a caretaker and/or exploited the victim. Thus, the State insists that the trial court properly disqualified trial counsel from representing Defendant.

Of course, a criminal defendant has the right to counsel as guaranteed by the Sixth Amendment of the United States Constitution and article 1, section 9 of the Tennessee Constitution. U.S. Const. amend. XI; Tenn. Const. art. I, § 9 (stating "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel"); s*ee also State v. John W. Walden*, No. 37, 1988 WL 69538, at *1 (Tenn. Crim. App. July 8, 1988) ("Clearly, the right of an accused in a criminal prosecution to conflict-free representation of counsel is inherent in the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution."). This right to counsel includes the qualified right to counsel of a defendant's choice. *Wheat v. United State*, 486 U.S. 153, 158 (1988); *State v. Parrott*, 919 S.W.2d 60, 61 (Tenn. Crim. App. 1995). The issues presented in this case certainly concern the "'delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice.'" *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001) (quoting *Brown v. Eighth Judicial Dist. Court*, 14 P.3d 1266, 1269-70 (Nev. 2000)).

Rule 8 of the Supreme Court of Tennessee sets forth a Code of Professional Responsibility, which provides that the rules of the Supreme Court govern the conduct of lawyers in Tennessee. *See In re Petition of Burson*, 909 S.W.2d 768, 773 (Tenn. 1995) (explaining that within the Tennessee Supreme Court's "inherent power is the essential and fundamental right to prescribe and administer rules pertaining to the licensing and admission of attorneys") (citations omitted). These rules are in addition to the statutory enactments of the Tennessee General Assembly.

In its order disqualifying trial counsel from representing Defendant, the trial court herein cited Rule 3.7 of the Tennessee Rules of Professional Conduct, which provides:

> A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a *necessary witness* unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work a substantial hardship on the client.

Tenn. R. Sup. Ct. Rule 8, RPC 3.7(a) (emphasis added).

A trial court's decision to disqualify an attorney is reviewed for an abuse of discretion. *Clinard*, 46 S.W.3d at 182; *see also Martha Elaine Weaver Carter v. David Ray Carter*, No. M2013-00193-COA-R3-CV, 2013 WL 5568360, at *4 (Tenn. Ct. App. Oct. 7, 2013), *no perm. app. filed*; *Shanette Collier Chandler v. Kylan Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, *5 (Tenn. Ct. App. June 26, 2012), *no perm. app. filed*. It has been noted that

> [a] trial court has a broad range of options available to [e]nsure that its proceedings are fair both in appearance and in fact. Disqualifying an attorney is the most drastic. It invariably causes delay, increases costs, and deprives parties of counsel of their choice. Courts should, therefore, disqualify counsel with considerable reluctance and only when no other practical alternative exists.

*In re Ellis*, 822 S.W.2d 602, 605 (Tenn. Ct. App. 1991) (internal citations omitted).

In order to determine if the trial court properly disqualified trial counsel, we must look at Rule 3.7 along with the proof that would be required at trial by the State. In this case, Defendant is charged with exploitation of an adult. T.C.A. § 39-14-111.[2] At the time Defendant was indicted, the statute made it an offense "to knowingly, other than by accidental means, exploit an adult within the meaning of this section."[3] Within the statute itself, at least in the prior version, "exploit" is defined as the "improper use by a caretaker of funds that have been paid to an adult or to the caretaker for the use or care of the adult." T.C.A. 39-14-111(3). A "caretaker" is an "individual . . . that has assumed the duty to provide for the care of an adult by contract or agreement." T.C.A. § 39-14-111(a)(2)(A). This can include an "adult child" who "[r]esides with or in the same building with or regularly visits the adult" and who "[k]nows or reasonably should know of the adult's mental or physical dysfunction or advanced age" and who "[k]nows or reasonably should know that the adult is unable to adequately provide for the adult's own care." *Id*. at (a)(2)(B).

On appeal, Defendant argues that trial counsel would only testify about uncontested issues. The State focuses their argument on whether trial counsel's testimony relates to "contested issues." The State contends that because trial counsel had

---

[2] In July of 2017, this offense was amended and codified at Tennessee Code Annotated section 39-15-502 as part of the Elderly and Vulnerable Adult Protection Act.

[3] The new version of the statute, effective July 1, 2017, makes it an offense "to knowingly financially exploit an elderly or vulnerable adult." T.C.A. § 39-15-502.

knowledge of and prepared documents for Defendant that pertained to the victim, any testimony trial counsel would offer at trial would relate to a contested issue, "even if the individual facts contained in [the testimony] were uncontested." Therefore, the State insists that trial counsel was rightfully disqualified. The threshold inquiry, rather than looking at whether the issues are contested or uncontested, is whether trial counsel is a necessary witness. Indeed, the first part of the rule mandates that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a *necessary witness*." Tenn. R. Sup. Ct. Rule 8, RPC 3.7(a). If trial counsel is not a "necessary witness," it becomes unnecessary to determine whether parts (1), (2), or (3) of the rule permit him to testify anyway.

We have been unable to find any Tennessee cases defining the term "necessary witness" in the context of Rule 3.7. However, several courts within the Sixth Circuit have addressed what it means to be a "necessary witness" for purposes of disqualification. In both Ohio and Michigan, whose rules of professional conduct pertaining to disqualification contain language identical to our own rule, there are cases interpreting what qualifies as a necessary witness for purposes of disqualification. *See e.g.*, MRPC 3.7(a)[4]; Ohio R. Prof'l Conduct 3.7(a)[5]. Ohio has defined a necessary witness as a witness whose "proposed testimony was relevant, material and unobtainable elsewhere." *Puritas Metal Prods., Inc. v. Cole*, 2008-Ohio-4653, 2008 WL 4193934, at *8 (Ohio Ct. App. 2008). In Michigan, "attorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness." *People v. Tesen*, 739 N.W.2d 689, 698 (Mich. Ct. App. 2007) (citing *Smith v. Arc-*

---

[4] The Michigan rule reads:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case; or
    (3) disqualification of the lawyer would work substantial hardship on the client.

[5] The Ohio rule reads:

A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
    (1) the testimony relates to an uncontested issue;
    (2) the testimony relates to the nature and value of legal services rendered in the case;
    (3) the disqualification of the lawyer would work substantial hardship on the client.

*Mation, Inc.*, 261 N.W.2d 713, 715 (Mich. 1978); *In re Susser Estate*, 657 N.W.2d 147, 151-52 (Mich. Ct. App. 2002)). Based on the marked similarities to our own rule, we confidently conclude the above-cited cases can and should be used as persuasive authority in rendering our decision.

In this case, trial counsel's testimony is certainly material and relevant. He prepared a quitclaim deed giving property to Defendant from the victim and a power of attorney with healthcare giving Defendant power of attorney over the victim's affairs. This evidence is relevant regardless of whether the documents were actually executed. Trial counsel also confirmed that he received payment from Defendant on a credit card that the victim jointly owned with defendant. We conclude that the trial court properly determined that trial counsel is a necessary witness.

Because we have determined that trial counsel is a necessary witness, we must now determine whether trial counsel's potential testimony fits within any of the three exceptions provided in Rule 3.7, which would allow trial counsel to "act as an advocate" despite his qualification as a necessary witness. In this case, it is obvious that trial counsel's testimony would not "relate to the nature and value of legal services rendered in the case." Thus, part (2) of the rule does not apply. Moreover, there was no testimony that "disqualification of the lawyer would work a substantial hardship on the client" as set forth in part (3). Trial counsel argued at the hearings that Defendant wanted him to continue to represent her in the criminal matter, but there was no evidence that disqualification of trial counsel would result in a hardship to Defendant. Thus, we must determine, as the parties have rightly framed the issue, whether trial counsel's "testimony relates to an uncontested issue."

The trial court determined that the issues were "not uncontested." Specifically, the trial court noted that the "material issues [were] who paid for the services; who did the services benefit; and did the alleged victim authorize the services and/or payments . . . . [T]hese issues are central to the allegations in this case." Defendant argues on appeal that the facts he would provide, if asked to testify at trial, "have been and remain uncontested." The State relies on *People v. Pasillas-Sanchez*, 214 P.2d 520 (Colo. App. 2009), to support their argument that the trial court properly disqualified trial counsel.

In *Pasillas-Sanchez*, the defendant was convicted of second degree murder and several other offenses. *Id.* at 523. At trial, the defendant attempted to show that the victim had committed suicide. The defendant was no stranger to the law. In fact, one his lawyers was removed by the trial court prior to trial because he had represented the defendant on an earlier case that the People now sought to use as evidence of a prior bad act. In the earlier case, the victim in the current case had actually paid for the representation. The rule pertaining to disqualification of trial counsel that appears in the

Colorado Code of Professional Responsibility is identical to the Tennessee rule. The Colorado Court of Appeals noted that "uncontested" in the context of the rule, meant "unopposed or not an issue at trial." *Id.* at 526. The rule, by its plain language, "contemplates that the *issue* be uncontested and does not mention the facts to which the witness testifies." *Id.* The court commented:

> If the rule were to be read as allowing an attorney to testify to undisputed facts to support a disputed issue, the exception would swallow the rule: an attorney could testify to any number of undisputed facts but still argue the importance of those facts in resolving a contested issue. This would go against the purpose of the rule, thereby creating a situation where a defendant's lawyer would be called upon to argue his own veracity and credibility in resolving a contested issue.

*Id.* We find *Pasillas-Sanchez* persuasive.

In our view, the contested issues at the trial of Defendant are the elements the State is required to prove to sustain a conviction—whether Defendant "knowingly, other than by accidental means, exploit[ed] an adult." T.C.A. § 39-14-111. This proof would necessitate an examination of whether Defendant used funds belonging to the victim and was a caretaker for the victim. Trial counsel informed the trial court at the hearing that he prepared the quitclaim deed and power of attorney at the request of Defendant. While he insists that he had no knowledge about if or when these documents were ever executed, it is for a jury to accept or reject that testimony. The very fact that a power of attorney was drafted could be used at trial to support or rebut a claim that Defendant exploited the victim. Trial counsel acknowledged that he received a payment of $1000 from Defendant for a divorce. Trial counsel did not know anything about the credit card from which the payment was received. Trial counsel was unaware whether Defendant was a caretaker for the victim. Trial counsel testified that he had never met the victim. Trial counsel's proposed testimony could either support or rebut a claim that Defendant knowingly exploited the victim, the contested issue at trial. Thus, trial counsel's testimony is so woven into the proof that would be required by the State at Defendant's trial, disqualification of trial counsel is necessary.

We acknowledge that the Sixth Circuit has long held that "when an attorney knows that he will or ought to be called as a witness, he should withdraw from representation." *Waltzer v. Transidyne Gen. Corp.*, 697 F.2d 130, 134 (6th Cir.1983) (citing *Universal Athletic Sales Co. v. American Gym*, 546 F.2d 530, 538 (3rd Cir.1976); *Lau Ah Yeu v. Dulles*, 527 F.2d 744, 746 (9th Cir.1958)). However, this Court has recognized that "[a]n actual conflict, rather than the mere possibility, must be established prior to any removal or withdrawal of counsel." *Parrott*, 919 S.W.2d at 61.

Additionally, while disqualification may be ordered based on the appearance of impropriety, the Tennessee Court of Appeals has noted that "except in the rarest of cases, the appearance of impropriety alone is 'simply too slender a reed on which to rest a disqualification order.'" *Tracy Watson v. Faye Ameredes*, No. 03A01-9704-CV-00129, 1997 WL 772865, at *5 (Tenn. Ct. App. Dec.10, 1997) (quoting *Louise Sullivan King v. Allison Grant King*, No. 89-46-11, 1989 WL 122981, at *13 (Tenn. Ct. App. Oct.18, 1989) (J. Koch, concurring)). However, "'[i]n an age of sagging public confidence in our legal system, maintaining confidence in that system and the legal profession is of utmost importance.'" *State v. Ricky Raymond Bryan*, No. M1999-00854-CCA-R9-CD, 2000 WL 1131890, at *8 (Tenn. Crim. App. Aug. 4, 2000) (quoting *Roberts & Schaefer Co. v. San-Con, Inc.*, 898 F.Supp. 356, 363 (S.D.W.Va. 1995)), *perm. app. denied*, (Tenn. Dec. 11, 2000).

We are in somewhat of a unique position, being required to determine whether trial counsel's testimony is necessary, material, and relevant without having anything other than an indictment charging Defendant with a crime. When placed in this position, the fact that trial counsel has potential testimony, which may be used by the State at trial to build its case, leads us to conclude that the trial court properly determined trial counsel should be disqualified. Thus, while we acknowledge that disqualification of trial counsel as a consequence of an appearance of impropriety is not per se barred, we conclude that the facts of this particular case qualify it as one of "the rarest of cases" in which disqualification is an appropriate bar against that appearance. *See Tracy Watson*, 1997 WL 772865, at *5.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE